

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-17-2008

# USA v. Bailey

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3217

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Bailey" (2008). *2008 Decisions*. Paper 1018.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1018

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3217
_____

UNITED STATES OF AMERICA

v.

JOHN BAILEY,

Appellant

_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Criminal No.05-cr-00035-1)
District Judge: Honorable Curtis V. Gomez
_____

Submitted Under Third Circuit LAR 34.1(a)
on May 5, 2008

Before: RENDELL, FUENTES, and CHAGARES, Circuit Judges.

(Filed June 17, 2008)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

John Bailey appeals from his conviction for conspiracy to bring illegal aliens into

the United States, attempt to bring illegal aliens into the United States while aiding and

abetting his co-defendant, and attempt to bring illegal aliens into the United States for

financial gain, all in violation of 8 U.S.C. § 1324. The government charged that John Bailey and co-defendant Michael Barton conspired to bring illegal aliens into the United States Virgin Islands.

Both defendants were convicted by a jury on all three counts. For the conspiracy charge, the government had the burden of proving that there was an agreement and each defendant knew that the purpose of the agreement and intended to join it. 8 U.S.C. §§ 1324(a)(1)(A)(i) & (v)(I). In order to establish guilt on the attempt charge, the government needed to establish that each defendant brought or attempted to bring one or more aliens to the United States at a place other than a designated port of entry, that he knew the person was an alien, and that he acted with intent to commit the underlying substantive offense. *Id*. § 1324(a)(1)(A)(i). As to the third count, attempt to bring aliens into the United States for financial gain, the government was required to show that each defendant brought or attempted to bring aliens into the United States, knew or acted in reckless disregard of the fact that the alien was not authorized to enter the United States, and "acted for the purpose of commercial advantage or private financial gain." *Id*. § 1324(a)(2)(B)(ii).

Bailey appeals his conviction on the grounds that the evidence failed to establish his guilt. Bailey urges that the evidence was insufficient to prove that he knew and intended to join a conspiracy, that he aided and abetted the attempt to bring the illegal aliens to the Virgin Islands, and that he acted for financial gain. Bailey also contends

2

that, in closing, the prosecutor made improper assertions regarding his right to remain silent.

The facts as presented to the jury belie Bailey's contention that the proof was insufficient.[1]  The boat was found and searched after it had been anchored at Green Cay, a small island within the territorial waters of St. Croix, for over 24 hours and both Bailey and Barton had left the boat to go into St. Croix.  The evidence was clear that 37 passengers paid between $1,500 and $2,700 each to be transported on a catamaran with a maximum capacity of 12 people, and that Bailey and Barton were the "drivers" of the ship.[2]  None of the passengers had documents to enter the United States, and neither driver asked for documentation from them.  Although 12 of passengers testified that they were to go to St. Maarten, the 25 others stated that defendants were paid to take them to St. Thomas; there was also evidence adduced at trial that "Cobra," the person who took money from each of the passengers, instructed them to say that St. Maarten was the intended destination.  One passenger testified that, half-way through the trip, one of the drivers said St. Thomas was the destination.

---

[1] In reviewing a jury verdict, we must view the evidence adduced at trial in the light most favorable to the government and "will sustain the verdict if 'any rational trier of fact could have found the essential elements beyond a reasonable doubt.'" *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (quoting *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996)).

[2] While Bailey seemed to contend that he was really an assistant to Barton, each of the witnesses grouped Barton and Bailey together as drivers of the ship.

At trial, Bailey testified that the ship had suffered engine failure and had merely drifted into United States territorial waters and he had no intent to bring the illegal aliens into the United States. This is belied by the fact that the vessel was propelled by sails, and he had been sailing ships for 30 years and was knowledgeable as to navigation. Moreover, his testimony at trial was contradicted by his statements to an Immigrations and Customs Enforcement special agent when first arrested. At that time, Bailey contended that he was sailing with a friend to the United States, but had told his friend that he had no valid documents to enter the United States and would not participate in drug trafficking. He claimed that no one else was aboard the catamaran and did not mention that the boat had engine problems, drifted, or was destined for St. Maarten. The jury could easily disbelieve the "drift theory" and believe that he knew full well that the boat was going to the U.S. Virgin Islands. With regard to evidence of financial gain, although Bailey did not take money directly from the passengers, Barton did speak by cell phone to Cobra during the trip, and Bailey admitted that he expected to be paid for his work on the ship. Given this evidence, we find no basis for overturning the jury's verdict.

With respect to the prosecutor's closing, Bailey points to several phrases that he argues are offensive. Read in context, however, most of these statements clearly refer, not to Bailey, but to his co-defendant. None of the others have improper or unfair implications from a constitutional standpoint.

Accordingly, we will AFFIRM the Judgment and Commitment Order of the District Court.